IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIHAELA HRISTODOR,

    Plaintiff,

v.                                                                             No. 1:16-cv-01321-SCY-LF

STREAM GLOBAL SERVICES-AZ, INC.,
and its predecessor in interest, CONVERGYS
CUSTOMER MANAGEMENT GROUP INC.,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the *sua sponte* order to show cause issued to pro se plaintiff Mihaela Hristodor. Doc. 28. The Court issued the order to show cause because Ms. Hristodor failed to attend a telephonic status conference on June 5, 2017. *See id.*; *see also* Doc. 27. Ms. Hristodor was required to respond to the order to show cause no later than June 19, 2017. Doc. 28. The record indicates that the order was mailed to Ms. Hristodor at her address of record. There is no indication that Ms. Hristodor did not receive the order to show cause. Nevertheless, Ms. Hristodor has not responded to that order. This is the second time Ms. Hristodor has failed to obey an order of the Court. Ms. Hristodor has not filed anything with the Court or participated in the prosecution of this case since her attorney withdrew in April 2017. *See* Doc. 21.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* FED. R. CIV. P. 16(f), or fails to obey a court order, *see* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the

preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus,* 965 F.2d at 921). Upon analyzing the *Ehrenhaus* factors, I recommend that this case be dismissed as a sanction for failing to appear at the status conference and failing to obey the Court's order.

First, Ms. Hristodor's failure to participate has caused prejudice to defendants. Defendants have expended time and money attending the status conference, participating in discovery, and seeking assistance from the Court for protection from the numerous and often abusive emails from Ms. Hristodor. *See* Docs. 17, 19, 20, 21, 26. Second, Ms. Hristodor's lack of participation has interfered with the judicial process. The case has been stymied by Ms. Hristodor's refusal to attend the status conference or respond to the Court's order. The case cannot move forward without her participation. Third, Ms. Hristodor alone is culpable for violating the Court's orders. The Court granted Ms. Hristodor's attorney's motion to withdraw

from the case on April 27, 2017.  Doc. 22.  Since then, Ms. Hristodor has represented herself.  The Court vacated the scheduled settlement conference and set a telephonic status conference that Ms. Hristodor was required to attend.  Doc. 23.  The Court scheduled the June 5 status conference at a status conference on May 2, 2017, at which Ms. Hristodor appeared personally.  *See* Doc. 24.  Ms. Hristodor therefore had notice of the status conference.  Further, the record indicates that the Court's order setting the June 5 status conference was mailed to Ms. Hristodor.  *See* Docket entry for Doc. 25.  There is no indication that Ms. Hristodor did not receive the Court's order.  Ms. Hristodor has not provided any reason for failing to attend the status conference.  Fourth, the Court warned Ms. Hristodor in the order to show cause that her failure to comply or respond to the order would result in a recommendation to the presiding judge that her lawsuit be dismissed without prejudice.  Doc. 28 at 2.  Despite this warning, Ms. Hristodor ignored the Court's order and failed to respond, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se plaintiff Mihaela Hristodor's complaint be dismissed without prejudice.

The Clerk is directed to mail Ms. Hristodor a copy of these Proposed Findings and Recommended Disposition at her address of record.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge